**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>AKOUAVI KPADE AFOLABI,<br>Defendant. | Case No. 2:07-cr-00785 (BRM)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Akouavi Kpade Afolabi's ("Defendant") Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). (ECF No. 284.) The United States of America (the "Government") filed an Opposition to the Motion (ECF No. 287), and Defendant filed a reply (ECF No. 288). Having reviewed and considered the parties' submissions filed in connection with the Motion, and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On January 15, 2009, a grand jury returned a Superseding Indictment[1] charging Defendant with numerous charges: (1) Conspiracy to Commit Visa Fraud in violation of 18 U.S.C. § 371; (2) Five counts of Visa Fraud in violation of 18 U.S.C. § 1546(a); (3) Four counts of Smuggling Illegal Aliens in violation of 8 U.S.C. § 1324(a)(2)(B)(ii); (4) Conspiracy to Commit Forced Labor, Trafficking with Respect to Forced Labor, and Document Servitude in violation of

[1] In October 2007, the same grand jury returned an Indictment charging Defendant with conspiring to harbor illegal aliens for the purpose of commercial advantage and private financial gain. (ECF No. 22.)

18 U.S.C. § 371; (5) Five counts of Forced Labor in violation of 18 U.S.C. § 1589(2); (6) Five counts of Trafficking with Respect to Forced Labor in violation of 18 U.S.C. § 1590; and (7) Conspiracy to Harbor Illegal Aliens, in violation of 8 U.S.C. § 1324. (ECF No. 41.)

On October 14, 2009, a jury found Defendant guilty of all charges set forth in the Superseding Indictment. (ECF No. 178.) On September 20, 2010, the Court sentenced Defendant to 324 months' imprisonment and three years' supervised release. (ECF No. 214.)

In the time following her sentencing, Defendant has mounted several challenges to her conviction and sentence. First, Defendant appealed her conviction in September 2010. (ECF No. 216.) The Third Circuit, however, affirmed it. (ECF No. 238; *see United States v. Afolabi*, 508 F. App'x 111 (3d Cir. 2013)). Next, she filed a petition pursuant to 28 U.S.C. § 2255 (Mot. to Vacate, Set Aside, or Correct Sentence, *Afolabi v. United States*, Civ. A. No. 13-3396, 2016 WL 450118 (D.N.J. Feb. 4, 2016), ECF No. 1) which the Court denied, *Afolabi*, 2016 WL 450118 (D.N.J. Feb. 4, 2016). Then, Defendant began filing motions pursuant to 18 U.S.C. § 3582. Defendant has filed four motions to reduce her sentence under that statute since 2013, including the pending motion filed in May 2025.[2] (*See* ECF Nos. 240, 261, 266, 272, 279, 284.) This Court has denied all of Defendant's previous motions. (ECF Nos. 256, 274, 275, 283.)

Defendant is currently incarcerated at FCI Aliceville. (ECF No. 284 at 7.) Her expected release date is in September 2030. (ECF No. 284-2 at 5.) Defendant made a request to the warden of the facility for compassionate release due to her "being an elderly [adult in custody] with hypertension, an ulcer, asthma, and chest pain." (*Id.* at 8.) On September 23, 2024, the warden

[2] This is in contrast to Defendant's indication that she has not previously filed any motions for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 284 at 6.)

denied Defendant's request. (*Id.*) Defendant filed the pending motion on May 7, 2025. (ECF No. 284.)

## II. Legal Standard

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A court may reduce a sentence of imprisonment under the statute if it finds "extraordinary and compelling reasons warrant such a reduction" and the reduction is supported by both the factors set forth in 18 U.S.C. § 3553(a) and applicable policy statements issued by the United States Sentencing Commission (the "Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission has promulgated a policy statement regarding 18 U.S.C. § 3582(c)(1)(A). *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. This policy statement reflects the requirements set forth in the statute but adds the court must determine "[t]he defendant is not a danger to the safety of any other person or to the community." *Id.* The policy statement also enumerates six circumstances amounting to extraordinary and compelling reasons: (1) the defendant's medical circumstances, including whether the defendant is suffering from a serious physical or medical condition; (2) the defendant's age, where she is at least 65 years old and has deteriorating physical or mental health; (3) the defendant's family circumstances; (4) whether the defendant was a victim of sexual or physical abuse in custody; (5) other reasons "similar in gravity" to (1)–(4); and (6) an unusually long sentence. *Id.* However, the Supreme Court

recently determined the sixth enumerated circumstance exceeds the Sentencing Commission's statutory authority. *Rutherford v. United States*, 146 S. Ct. 1320, 1330, 1334–35 (2026); *Fernandez v. United States*, 146 S. Ct. 1292, 1304 n.5 (2026).

## III. DECISION

Courts engage in a three-step analysis to determine whether to grant a motion for compassionate release. *See United States v. Jones*, Crim. A. No. 09-491, 2025 WL 2533529, at *2 (D.N.J. Sept. 3, 2025). First, whether the defendant has exhausted all administrative remedies under 18 U.S.C. § 3582. *See United States v. Johnson*, Crim. No. 21-2649, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022). Second, whether the defendant is *eligible* for a reduction based on an "extraordinary and compelling reason" under U.S.S.G. § 1B1.13(b). *See United States v. Rutherford*, 120 F.4th 360, 364–65 (3d Cir. 2024) (describing the second step as a threshold question of law). Third, whether the defendant is *qualified* for a reduction based on the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

### A. Exhaustion of Administrative Remedies

Defendant argues, and the Government does not dispute, she exhausted her administrative remedies. (ECF No. 284 at 13–14; ECF No. 287 at 6.) The statute requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, the warden of Defendant's facility denied her request for compassionate release on September 23, 2024. Therefore, Defendant's request was received by the warden more than thirty days before May 7, 2025, when she filed this motion. Accordingly, Defendant has exhausted her administrative rights as required by 18 U.S.C. § 3582(c)(1)(A).

**B. Eligibility for Sentence Reduction**

The Court construes Defendant's Motion to argue that her medical circumstances and rehabilitation warrant a reduction in her sentence.[3] Several of the circumstances set forth by the Sentencing Commission as extraordinary and compelling revolve around defendants' health circumstances. Defendant argues two exist here: (1) a serious physical condition or deterioration in her physical health due to the aging process has substantially diminished her ability to provide self-care in a correctional facility, U.S.S.G. § 1B1.13(b)(1)(B), and (2) a serious deterioration in physical health because of the aging process where she is 65 years old or older and has served the lesser of ten year or 75 percent of her sentence, *id.* § 1B1.13(b)(2). (ECF No. 284 at 4–5.)

As to medical circumstances, Defendant argues her "hypertension, ulcers, asthma, and chest pain with heart palpitations" are extraordinary and compelling reasons to reduce her

[3] Defendant makes three additional arguments in support of her sentence reduction: (1) she received an unusually long sentence, (ECF No. 284 at 5–6, 13), (2) Amendment 821 to the U.S.S.G. justifies her release (*id.* at 13), and (3) she is eligible for 18 U.S.C. § 3582(c)(1)(A)(ii)'s pathway for sentence reduction (*id.* at 4). First, as explained above, the Supreme Court has invalidated the unusually long sentence prong of the Sentencing Commission's policy statement, and therefore it cannot serve as a reason to reduce Defendant's sentence. As such, the Court declines to appoint counsel to help Defendant flesh out this argument. *United States v. Bess*, Crim. A. No. 16-522, 2021 WL 5277201, at *3 n.6 ("Defendants do not have a constitutional right to appointment of counsel when seeking compassionate relief. Although a district court has the discretion to appoint counsel, where an underlying motion for compassionate release will fail, appointing counsel would be futile."). Second, as the Government correctly contends (ECF No. 287 at 9 n.6), this Court has already rejected Defendant's argument that Amendment 821 warranted a reduction of her sentence. (ECF No. 281.) Finally, Defendant is not eligible for 18 U.S.C. § 3582(c)(1)(A)(ii)'s pathway for sentence reduction, which requires, in part, the Court to find "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under [18 U.S.C. §] 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." As Defendant admits in her written memorandum, Defendant has only been in prison since 2007, so she has not served 30 years in prison. (ECF No. 284 at 12.)

sentence. (ECF No. 284 at 13.) The Government argues Defendant's health conditions do not warrant her release because they are neither serious nor substantially diminishing her ability to provide self-care in her environment. (ECF No. 287 at 6–7.)

Courts in this District have repeatedly denied motions for compassionate relief regarding medical status where there is no supporting information for the Defendant's assertions "other than [their] personal account of events and conclusory statements." *United States v. McAdams*, Crim. A. No. 09-00737, 2024 WL 863380 (D.N.J. Feb. 29, 2024); *see United States v. Harris,* Crim. A. No. 18-0629, 2025 WL 267048 (D.N.J. Jan. 21, 2025); *United States v. China*, Crim. A. No. 15-0203 (ES), 2024 WL 1715329 (D.N.J. Apr. 22, 2024); *United States v. Jefferson*, Crim. A. No. 18-165 (SRC), 2025 WL 1319241 (D.N.J. May 7, 2025). Here, Defendant has not put forth evidence, nor do her medical records indicate, that she has a substantially diminished ability to provide self-care at the correctional facility or is experiencing a serious deterioration in her health due to the aging process. Rather, Defendant makes only a conclusory statement, using the terms of the statute, that her health is deteriorating and she needs help with daily activities. (ECF No. 288 at 1.) The conditions Defendant asks the Court to find extraordinary and compelling now are the same conditions she asked this Court to find extraordinary and compelling in light of the COVID-19 pandemic in her November 2020 motion for compassionate release (ECF No. 266 at 3; ECF No. 261 at 3), which this Court denied. (ECF Nos. 274, 275.) And contrary to Defendant's assertion, her medical records indicate her conditions are stable, as the warden noted in her response to Defendant's request (ECF No. 284-2 at 8), and are all being treated with medications (ECF No. 287, Ex. A at 5).

Defendant also argues her medical status and rehabilitation combined amount to an extraordinary and compelling reason for a reduction in her sentence. (ECF No. 284 at 5, 13.) The

Government argues that the combination still does not rise to the level of an extraordinary and compelling reason. (ECF No. 287 at 8–9.)

While the Sentencing Commission has explained extraordinary and compelling reasons can exist if the "defendant presents any . . . combination of circumstances that . . . are similar in gravity to" the Sentencing Commission's enumerated circumstances, pairing Defendant's rehabilitation with her medical circumstances is insufficient. "[R]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), and without "other circumstances that could constitute extraordinary or compelling reasons . . . efforts towards rehabilitation will not warrant granting a motion for compassionate release," *United States v. Berrios*, Crim. A. No. 07-00454, 2025 WL 654160, at *4 (D.N.J. Feb. 28, 2025). "[I]n cases where rehabilitation looms large the efforts to that end are often truly remarkable." *United States v. Gibbons*, Crim. A. No. 16-37, 2024 WL 756991, at *4 n.7 (W.D. Pa. Feb. 23, 2024). Here, Defendant enrolled in several education classes and obtained employment during her incarceration.[4] (ECF No. 284 at 13.) The Court commends Defendant's rehabilitation efforts, but they are not "truly remarkable" and, as explained above, Defendant has not put forth other circumstances that could constitute an extraordinary and compelling reason for reducing her sentence.

Accordingly, Defendant is not eligible for compassionate release.

---

[4] Defendant additionally argues she has not received any disciplinary infractions during her incarceration (ECF No. 284 at 13), however, in one of her prior motions for compassionate release, she brought a disciplinary infraction to the Court's attention (ECF No. 266 at 4). Further, while she asserts she has taken nine education courses (ECF No. 284 at 13), the records she provided to the Court only indicate seven classes (ECF No. 284-2 at 3, 10).

## IV. Qualification for Sentence Reduction

Because Defendant is not eligible for compassionate release, this Court need not decide whether she is qualified for compassionate release under the sentencing factors set forth in 18 U.S.C. § 3553(a).

## V. Conclusion

For the reasons set forth above, Defendant's Motion is **DENIED**. An appropriate order follows.

**Dated: October 29, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**